UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HERBERT N. ALLEN, JR.,

      Plaintiff,

v.                          Case No. 8:07-cv-250-T-24EAJ

SARASOTA COUNTY JAIL OFFICER ADAMS,

      Defendant.

## O R D E R

Pro se prisoner Plaintiff Herbert N. Allen, Jr., who is incarcerated in the Sarasota County Jail, filed a 42 U.S.C. § 1983 civil rights complaint alleging:

> On 12-8-06, I put a letter to my lawyer Catherine Sloan PA also one to Judge Galen, inside the mail box to be sent out. At or there abouts [sic] 11:00 p.m. Officer Adams came to my room and told me because I had sealed the two letter [sic] up, and he felt that it had nothing to do with my case, he would not send them out. From the Inmate Handbook, I quote "All outgoing mail is inspected by staff members, as provided for by law, with the exception of privileged mail (letter to attorneys, courts, clergy, media, etc. . . ). Only privileged envelopes may be sealed.

Plaintiff Allen seeks monetary and injunctive relief.

## DISCUSSION

Plaintiff Allen is essentially alleging that Defendant Adams violated his First Amendment right to access to courts by refusing to mail the sealed letters.

It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817(1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir.1991). However, as established in Lewis, to successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. Lewis, 518 U.S. at 350-51. "The type of prejudice that is deficient in the constitutional sense is that which hinders the inmate's ability to actually proceed with his claim." Id. at 353.

Importantly, "the injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354. Plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.' " Id. at 354-55 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

Furthermore, Plaintiff must allege actual injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendant's actions. Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir.1998) (citing Lewis ); see also Bass v. Singletary, 143 F.3d 1442, 1445-46 (11th Cir.1998).

So long as Plaintiff was able to litigate his claim, he cannot demonstrate that he was unconstitutionally denied access to the courts. Wilson, 163 F.3d at 1291. Moreover, Plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. Lewis, 581 U.S. at 353 n.3; Wilson, 163 F.3d at 1291.

Plaintiff Allen has not met the above standards to state a claim based on his allegations against Defendant Adams. He has not shown that the actions of Defendant Adams' in returning his sealed mail harmed him in any way or denied him access to courts. The fact that Plaintiff Allen filed the present law suit demonstrates that he has access to courts.

Accordingly, the Court orders:

1. That Plaintiff Allen's complaint is dismissed, with prejudice. The Clerk is directed to enter judgment against Plaintiff Allen and to close this case.

2. That Plaintiff Allen is assessed the $350.00 filing fee. The Clerk is directed to send a copy of this order to Inmate Accounting at the Sarasota County Jail.

ORDERED at Tampa, Florida, on February 8, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Herbert N. Allen, Jr.